IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS


KEVIN PIERCE, INDIVIDUALLY,
AND AS SPECIAL ADMINISTRATOR
OF THE ESTATE OF MARY ANGELA PIERCE                          PLAINTIFF


v.                              No. 3:25-cv-00065


SHIN HUNG CO., LTD D/B/A SHINKO TIRE,
WESTERN POWER SPORTS INC.,
OCELOT ENGINEERING, INC. d/b/a
CHAPPARRAL MOTORSPORTS
AND JOHN DOES 1-10                                           DEFENDANTS

---

## PROTECTIVE ORDER

---

COMES NOW Defendant, Shinhung Co., Ltd. D/B/A Shinko Tire, by and through its

attorneys, Gordon Rees Scully Mansukhani, LLP, and submits the following Stipulated Protective

Order regarding the production and use of documents containing information alleged to be

confidential:

1.     **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action may involve production of confidential,

proprietary, or private information for which special protection from public disclosure and from

use for any purpose other than prosecuting this litigation may be warranted. The parties

acknowledge that this Order does not confer blanket protections on all disclosures or responses to

discovery and that the protection it affords extends only to the limited information or items that

are entitled, under applicable legal principles, to treatment as confidential.

2.     **CONFIDENTIAL INFORMATION**

"Confidential Information" shall mean Social Security or taxpayer-identification numbers; dates of births; names of minor children; sensitive information involving personal financial, medical, matrimonial, or family matters; or trade secrets and other confidential research, development, or commercial information (regardless of how generated, stored, or maintained) that would significantly undercut a legitimate competitive advantage of the Designating Party (defined below) if disclosed.

"Confidential Information" does not include information that:

 a. is in that public domain at the time of disclosure, as evidenced by a written document;
 b. becomes part of the public domain through no fault of the Receiving Party (defined below), as evidenced by a written document;
 c. the Receiving Party can show by a written document that the information was in its rightful and lawful possession at the time of disclosure; or
 d. the Receiving Party lawfully receives such information at a later date from a third party without restrictions as to disclosure.

Parties and non-parties may designate any Confidential Information supplied in any form, or any portion thereof, as Protected Material (defined below) for purposes of these proceedings. Such designation shall constitute a representation to the Court that counsel believes in good faith that the information (1) constitutes Confidential Information and (2) that there is good cause for the Confidential Information to be protected from public disclosure. The parties and non-parties shall make a good faith effort to designate information so as to provide the greatest level of disclosure possible, but still preserve confidentiality as appropriate.

3. **ADDITIONAL DEFINITIONS**

3.1.    Party: any party to this action, including all of its officers, directors, consultants, retained experts, and outside counsel (and their support staff)

3.2.    Non-Party:    any individual, corporation, association, or other natural person or entity other than a party.

3.3.    <u>Disclosure or Discovery Material</u>:    all items or informant, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

3.4.    <u>Protected Material</u>:    any Disclosure or Discovery Material that is designated by a Party or Non-Party as "confidential" according to paragraphs 1 and 5, unless the Receiving Party challenges the confidentiality designation and (a) the Court decides such material is not entitled to protection as confidential; (b) the Designating Party fails to apply to the Court for an order designating the material confidential within the time period specified below; or (c) the Designating Party withdraws its confidentiality designation in writing.

3.5.    <u>Receiving Party</u>:    a Party that receives Disclosure or Discovery Material from a Producing Party.

3.6.    <u>Producing Party</u>:    a Party or Non-Party that produces Disclosure or Discovery Material in this action.

3.7.    <u>Designating Party</u>:    a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as Protected Material. The Party or Non-Party designating information or items as Protected Material bears the burden of establishing good cause for the confidentiality of all such information or items.

3.8.    <u>Challenging Party</u>:    a Party that elects to initiate a challenge to a Designating Party's confidentiality designation.

3.9.    <u>Outside Counsel</u>:    attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

3.10.    <u>House Counsel</u>:    attorneys who are employees of a Party.

3.11.   <u>Counsel</u> (without qualifier):   Outside Counsel and House Counsel (as well as their support staffs).

3.12.   <u>Expert:</u>a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its/her/his counsel to serve as an expert witness or as a consultant in this action and who is not: (a) a past or a current employee of a Party; (b) a past or a current employee of a competitor of a Party; or (c) at the time of retention, anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

3.13.   <u>Professional Vendors:</u>persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving date in any form or medium; *etc.*) and their employees and subcontractors.

## 4.   **DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

## 5.   **DESIGNATING PROTECTED MATERIAL**

5.1.   <u>Exercise of Restraint and Care in Designating Material for Protection:</u>   Each Party or Non-Party that designates information or items for protection under this Order must use good faith efforts to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must use good faith efforts to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routine designations are strictly prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), may subject the Designating Party to sanctions upon appropriate motion to the Court.

If it comes to a Party's or a Non-Party's attention that information or items that it designated for protection do not qualify for protection, that Party or Non-Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2.    <u>Manner and Timing of Designations.</u> Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

a.   <u>For information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix the legend "CONFIDENTIAL" at the bottom of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Production Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins, but not over text).

b.   <u>For testimony given in deposition or in other pretrial or trial proceedings</u>, the Party or Non-Party offering or sponsoring the testimony must identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony. When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or Non-Party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or

proceedings is concluded) a right to have up to 20 days to identify the specific portions of that testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

c.   For information produced in some form other than documentary, and for any other tangible items, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall also identify the protected portions in such a way that does not interfere with the viewing of the evidence.

## 6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1.    Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2.    Meet and Confer.    A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party ten (10) days to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen

designation. A Challenging Party may proceed to the next stage of the challenging process only if it has engaged in this meet and confer process first.

6.3.     Formal Challenge to Designation.     If, after engaging in the meet and confer process, a Challenging Party shall contend that a confidentiality designation was not proper, the Challenging Party may at any time give written notice by way of a letter to the Designating Party stating its objections to the confidentiality designation. The Designating Party has fourteen (14) days from receipt of such written notice to apply to the Court for an order specifically designating the Disclosure or Discovery Material at issue as confidential. The Party seeking such an order has the burden of establishing good cause for the Disclosure or Discovery Material to be treated as confidential.

6.4.     Treatment of Information While Challenging is Pending.     Notwithstanding any challenge to the designation of Disclosure or Discovery Material as Confidential, all materials designated as such must be treated as such and subject to this order until one of the following occurs:

a.   the Designating Party withdraws its confidentiality designation in writing;
b.   the Designating Party fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or,
c.   the Court decides the material at issue is not subject to protection as confidential.

## 7.     **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1.     Basic Principles.     A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions as are described herein. When the

litigation has been terminated, a Receiving Party must comply with the provisions of paragraph 11, below (FINAL DISPOSITION).

7.2. <u>Disclosure of Protected Material.</u>    Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

a. Outside Counsel of record of any Party in this action, including associated personnel necessary to assist Outside Counsel in these proceedings, such as litigation assistants, paralegals, and secretarial and other clerical personnel;

b. Parties to this litigation and their officers, directors, and employees (including House Counsel) to whom disclosure is reasonably necessary for litigation;

c. Experts (as defined in this Order) of the Receiving Party, including associated personnel necessary to assist Experts in these proceedings, such as litigation assistants, paralegals, and secretarial and other clerical personnel;

d. The Court, including associated personnel necessary to assist the Court in its functions, and the jury;

e. Litigation support services, including outside copying services, court reporters, stenographers, videographers, or companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, retained by a Party or its counsel for the purpose of assisting that Party in these proceedings;

f. Other professional vendors to whom disclosure is reasonably necessary for this litigation;

g. Any actual or potential witness in the action;

h. The author of the document or the original source of the information;

i. Counsel for issuers of insurance policies under which any issuer may be liable to satisfy part or all of a judgment that may be entered in these proceedings or to indemnify or reimburse payments or costs associated with these proceedings;

j. Any mediator or arbitrator appointed by the Court or selected by mutual agreement of the parties and the mediator or arbitrator's secretarial and clerical personnel;

k. Counsel representing clients with present or future cases against the same defendant that arises out of the same or similar set of facts, transactions, or occurrences; and,

l.   Any other person as to whom the Producing Party has consented to disclosure in advance and in writing, on notice to each Party hereto.

**8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "confidential," the Receiving Party must so notify the Designating Party, in writing (by e-mail or fax, if possible) within ten (10) court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

**9.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order.

**10.     PROTECTED MATERIAL IN COURT**

This Order does not seal court records in this case or apply to the disclosure of Protected Material at trial. It is only intended to facilitate the prompt production of Discovery Materials.  A

Party that seeks to file under seal any Protected Material, seal the court record, or close trial proceedings must comply with applicable law. The fact that Discovery Material has been designated as "Confidential" shall not be admissible as evidence that the Material in fact contains confidential information entitled to protection from disclosure under the law.

## 11. <u>FINAL DISPOSITION</u>

Unless otherwise ordered or agreed in writing by the Producing Party, and if requested by the Producing Party, each Receiving Party must return all Protected Material to the Producing Party after the final termination of this action. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in paragraph 4 (DURATION), above.

## 12. <u>MISCELLANEOUS</u>

12.1. <u>Public Health and Safety</u>. Nothing in this Order is intended to prevent any party from raising with the Court any concern that the non-disclosure of certain Protected Material may have a possible adverse effect upon the general public health or safety, or the administration or operation of government or public office.

12.2. <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.3. <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly,

no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

SO ORDERED, this the 11th day of May 2026.

_____
JUDGE JAMES MOODY JR.

**STIPULATED AND AGREED:**

| | |
|---|---|
| **RAINWATER, HOLT & SEXTON**<br><br>/s/ Denise Hoggard<br>Denise Hoggard<br>Arkansas Bar No. 84072<br>801 Technology Dr.<br>Little Rock, Arkansas 72223<br>Telephone: (800) 767-4815<br>Email: hoggard@rainfirm.com<br><br>*Attorney for Plaintiff* | **ROCHELLE MCCULLOUGH, LLP**<br><br>/s/ Gregory H. Bevel<br>Gregory H. Bevel<br>Arkansas Bar No. 2019031<br>Texas Bar No. 02275800<br>127 Hawthorne St<br>Hot Springs, AR 71901<br>Telephone: (214) 953-0182<br>Email: greg.bevel@romclaw.com<br><br>*Attorney for Plaintiff* |
| **GORDON REES SCULLY MANSUKHANI, LLP**<br><br>/s/ Zachary D. Wilson, Jr.<br>John A. Frase<br>Arkansas Bar No. 2006321<br>Zachary D. Wilson, Jr.<br>Arkansas Bar No. 2017154<br>425 West Capitol, Suite 3515<br>Little Rock, Arkansas 72201<br>Telephone: (501) 801-1924<br>Email: jfrase@grsm.com<br>Email: zwilson@grsm.com<br><br>*Attorneys for Shin Hung Co., Ltd.* | **BARBER LAW FIRM PLLC**<br>**Aka BARBER MUNSON**<br><br>/s/ J. Carter Fairley<br>J. Carter Fairley<br>Arkansas Bar No. 99068<br>Tristan Bennett Franks<br>Arkansas Bar No. 2024169<br>One Allied Drive, Suite 1600<br>Little Rock, Arkansas 72202<br>Telephone: (501) 372-6175<br>Email: cfairley@barberlawfirm.com<br>Email: tbennett@barberlawfirm.com<br><br>*Attorneys for Ocelot Engineering Inc. d/b/a* |

|  | *Chapparral Motor Sports* |
|---|---|
| **WRIGHT, LINDSEY & JENNINGS LLP** | **CLARK HILL PLC** |
| */s/ Nicholas D. Hornung* <br> Arkansas Bar No. 2015174 <br> 200 West Capitol Avenue, Suite 2300 <br> Little Rock, Arkansas 72201 <br> Telephone: (501) 376-9442 <br> Email: nhornung@wlj.com <br><br> ***Attorneys for Western Power Sports, LLC*** | */s/ Milton S. Karfis* <br> Milton S. Karfis, *Admitted Pro Hac Vice* <br> Stephanie M. Anderson, *Admitted Pro Hac Vice* <br> Steven D. Brock, *Admitted Pro Hac Vice* <br> 200 Park Street, Suite 200 <br> Birmingham, Michigan 48009 <br> (313) 965-8802 <br> mkarfis@clarkhill.com <br> sanderson@clarkhill.com <br> sbrock@clarkhill.com <br> ***Attorneys for Western Power Sports, LLC*** |